O’MALLEY, Circuit Judge,
concurring.
I agree with the majority that the district court did not err either in its construction of the disputed claim terms or in its conclusion that the term “three-dimensional scaffold” was not indefinite. Indeed, I believe the district court thoroughly and correctly analyzed all arguments and issues presented. I write separately, however, because I continue to believe that a judgment that is final except for a deter *1125 mination of damages and willfulness is not a final judgment at all.
Discussion
The appellants assert that jurisdiction is proper because “[t]he judgment is ‘final except for an accounting.’ ” Appellants’ Br. 1 (quoting 28 U.S.C. § 1292(c)(2)). This is apparently so “because aside from MIT’s request for (i) damages and (ii) a finding of willful infringement, the judgment disposes of all claims and counterclaims pending in the present case.” Id.
In Robert Bosch, LLC v. Pylon Manufacturing Corp., 719 F.3d 1305 (Fed. Cir. 2013) (eh banc), we created a broad jurisdictional rule that excepts this court from the rules of finality followed by every other Article III court of appeals. We held that 28 U.S.C. § 1292(c)(2) “confers jurisdiction on this court to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred” or “when willfulness issues are outstanding and remain undecided.” Id. at 1317, 1319. And while I fully understand that § 1292(c)(2) is an exception to the final judgment rule that applies only to patent cases, I do not believe we should have strayed so far from the wise judgment of our sister courts. See id. at 1331 (O’Malley, J., dissenting) (collecting cases from other circuits holding that-the finality requirement applies to outstanding damages determinations).
In declaring this broad, new rule in Bosch, we framed the question as “whether a trial on damages and willfulness is an accounting for the purposes of § 1292(c)(2)” and, therefore, an “exception! ] to the final judgment rule.” Id. at 1308. We answered that question by “con-cludfing] (albeit incorrectly in my view) that damages and willfulness determinations are sufficiently ‘ministerial’ to constitute no more than an ‘accounting.’ ” ePlus, Inc. v. Lawson Software, Inc., 789 F.3d 1349, 1371 (Fed. Cir. 2015) (O’Malley, J., dissenting). In so doing, we hammered a square peg into a round hole—these appeals are more properly characterized as interlocutory and are, therefore, improper.
It is well established that “[t]he finality requirement ... embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.” United States v. Nixon, 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Yet this court’s continuing practice of allowing parties to appeal judgments where damages and willfulness remain undecided multiplies judicial proceedings by endorsing piecemeal review. See Dow Chem. Co. v. Nova Chems. Corp. (Canada), 809 F.3d 1223, 1229 (Fed. Cir. 2015) (“[Bosch] authorized, nay encouraged, parties to engage in piecemeal appeals in patent cases and encouraged district judges to authorize the same.”) (O’Malley, J., dissenting from denial of petition for rehearing en banc). This practice further incentivizes the disruption of district court proceedings by encouraging “district courts to bifurcate liability determinations from damages and willfulness trials—and all other remedial determinations,” which will “drag out the litigation” in many cases, “causing multiple appeals and probably multiple remands.” Fresenius USA, Inc. v. Baxter Int’l, Inc., 733 F.3d 1369, 1381 (Fed. Cir. 2013) (O’Malley, J., dissenting from denial of petition for rehearing en banc).
The final judgment rule is invaluable to ensuring the efficient and just resolution of patent disputes.
The final judgment rule serves several important interests. It helps preserve the respect due trial judges by minimizing appellate-court interference with the *1126 numerous decisions they must make in the pre-judgment stages of litigation. It reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals. It is crucial to the efficient administration of justice.
Flanagan v. United States, 465 U.S. 259, 263-64, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). Exceptions to that rule are rare and disfavored. The Supreme Court has “repeatedly stressed,” in the context of the collateral order doctrine, that a “ ‘narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.” Dig. Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 868, 868 (1994). The increasing regularity of appeals taken under § 1292(c)(2), with damages and willfulness yet to be decided, demonstrates that the exception is indeed swallowing the general rule.
Conclusion
For these reasons, while I understand I am bound by it, I continue to believe that our decision in Bosch was in error. I concur in the result reached by the majority on the merits, but do not believe this court should continue its practice of exercising jurisdiction in cases where, as here, the district court has yet to determine damages and/or willfulness.